UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO TALAVERA,<br><br>  Plaintiff,<br><br> v.<br><br>DR. GILL RAVIJOT, *et al.*,<br><br>  Defendants. | Case No.: 1:23-cv-00595-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS FOLLOWING SCREENING OF SECOND AMENDED COMPLAINT<br><br>(Doc. 15)<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Jose Alfredo Talavera is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on April 18, 2023. (Doc. 1). On May 24, 2023, the Court issued a first screening order in which it found some claims cognizable against some Defendants and granted Plaintiff leave to file a first amended complaint. (Doc. 8). Plaintiff filed his first amended complaint on September 5, 2023. (Doc 12). The Court issued its second screening order on January 19, 2024, finding again some claims cognizable and granting Plaintiff leave to file a second amended complaint ("SAC") to the extent he could in good faith cure deficiencies noted in the second screening order. (Doc. 14). Plaintiff filed his second amended complaint ("SAC") on February 12, 2024. (Doc. 15).

///

///

## I. THE AMENDED COMPLAINT MUST BE COMPLETE IN ITSELF

In its first and second screening orders, the Court advised Plaintiff that an amended complaint supersedes the original complaint. (Doc. 8 at 15) (citing *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012)); (Doc. 14 at 1-2, 10). This means that the second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. In other words, the Court must be able to know everything that is raised in the complaint without having to refer and rely upon earlier versions of the pleading.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal

2

1  conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

2      The Court construes pleadings of pro se prisoners liberally and affords them the benefit of
3  any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the
4  liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal
5  theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation
6  of a civil rights complaint may not supply essential elements of the claim that were not initially
7  pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal
8  quotation marks & citation omitted), and courts "are not required to indulge unwarranted
9  inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation
10 marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not
11 sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's
12 liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

14     Section 1983 provides a cause of action for the violation of constitutional or other federal
15 rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under
16 section 1983, a plaintiff must show a causal connection or link between the actions of the
17 defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,
18 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the
19 deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative
20 act, participates in another's affirmative acts, or omits to perform an act which he is legal required
21 to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,
22 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

24     Liability may not be imposed on supervisory personnel for the actions or omissions of
25 their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g.,*
26 *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to
27 adduce evidence the named supervisory defendants "themselves acted or failed to act
28 unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v.*

1   *Cnty. of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934
2   (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section
3   1983 there must be a showing of personal participation in the alleged rights deprivation: there is
4   no respondeat superior liability under section 1983").

5   Supervisors may be held liable only if they "participated in or directed the violations, or
6   knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th
7   Cir. 1989). "The requisite causal connection may be established when an official sets in motion a
8   'series of acts by others which the actor knows or reasonably should know would cause others to
9   inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). *Accord Starr*
10  *v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction
11  in the training and supervision of subordinates).

12  Supervisory liability may also exist without any personal participation if the official
13  implemented "a policy so deficient that the policy itself is a repudiation of the constitutional
14  rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942
15  F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), abrogated on other
16  grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

17  To prove liability for an action or policy, the plaintiff "must ... demonstrate that his
18  deprivation resulted from an official policy or custom established by a ... policymaker possessed
19  with final authority to establish that policy." *Waggy v. Spokane Cnty. Washington*, 594 F.3d 707,
20  713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such
21  defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*
22  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the
23  involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd.*
24  *of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

25  ///
26  ///
27  ///
28  ///

4

## IV.  DISCUSSION

### A.  Plaintiff's Second Amended Complaint

Plaintiff's SAC names the following individuals, all employed at Corcoran State Prison ("CSP"), as the Defendants in the action (Doc. 15 at 2-3):[1]

    Dr. Gill Ravijot

    Sergeant Mathew Kazris

    Correctional Officer Jose Ramirez

    Correctional Officer Mark Geston

    Psychiatric Technician Lorena Rodriguez

Additionally, Plaintiff mentions another individual, Navarro, in the allegations of his second claim who is not specifically named in the form section for defendants. *Id.* at 4. Plaintiff seeks a total of $500,000 in damages. *Id.* at 5.

### B.  Plaintiff's Claims

#### Claim I

Plaintiff asserts his Eighth Amendment rights were violated by various defendants' deliberate indifference to his serious medical needs. *Id.* at 3. The three identifiable Defendants are Dr. Ravijot, Sergeant Kazris, and Psychiatric Technician Rodriguez.

##### *Factual Allegations*

Plaintiff asserts that Defendants Ravijot, Kazris, and Rodriguez were "well aware of my fractured elbow [and] need for medical attention." Plaintiff states he was "refused medical treatment from [January] 2021 to October 12, 2023.[2] I told Dr. Gill over and over I needed medical treatment and how my elbow hurt and showed him how deformed it was due to a use of force that [correctional officers] had did [sic] on me." (Doc. 15 at 3). Plaintiff alleges that Ravijot did not "have X-rays ordered or nothin [sic]." *Id.* at 5.

---

[1] The caption for this action currently reflects a title of *Talavera v. Ravijot, et al*. The undersigned's review of the complaint reveals Plaintiff refers to the initial named defendant as "Dr. Gill" in the factual allegations, rather than Dr. Ravijot. There also are changes in the complaint in spelling of the surnames (*e.g.*, "Kaires" and "Kazris").

[2] Though Plaintiff provides the date as "October 12, 2023," as this action was initiated on April 18, 2023, the Court presumes Plaintiff intended the relevant date to read "October 12, 2022."

5

Plaintiff provides that he told Ravijot and Rodriguez how his "daily activities and daily routine were affected" and how his "elbow was fractured." He alleges Rodriguez and Kazris "forced [him] to cuff up" despite "pleading [with] them that [his] elbow hurt and was swollen and possibly fractured due to how it was deformed." Plaintiff states they "didn't care and did not allow me to see medical." *Id.* Plaintiff asserts that "Dr. Gill, PT Rodriguez and Kazris all work together and were aware of my elbow pain[.] I showed them my elbow [and] asked to see medical and explained how my daily activities were affected." Plaintiff states he was sent to the hospital where he was diagnosed with a fractured elbow. Plaintiff provides that he told Kazris "many times" that he was retaliated against by Kazris' officers, as well as the fact he was in pain; he states he filed numerous "602s"[3] relating to this. Plaintiff asserts that Kazris had "direct influence in how my elbow was damaged" and "had knowledge of condition of my elbow." Plaintiff provides that he submitted "medical forms [] 602s and still was refused medical treatment[.] I sat in a cell in pain and in agony due to refusal of my right to medical." Plaintiff states he was not given medication or sent to a hospital for a cast and will need surgery. *Id.* at 4.

### *Legal Standards*

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second,

---

[3] Presumably, Plaintiff's reference to "602s" refers to the California Department of Corrections and Rehabilitation grievance form. California Department of Corrections & Rehabilitation, "Health Care Assistance," available at https://www.cdcr.ca.gov/ombuds/ombuds/health/ (last accessed January 29, 2025).

6

the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted).

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (citation omitted). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference

7

based on delay in treatment must show delay led to further injury).

*Analysis*

Liberally construing the complaint, Plaintiff has met the first prong of the deliberate indifference test by plausibly alleging the existence of an injury, his fractured elbow, that a reasonable doctor or patient would find important and worthy of comment or treatment and the existence of chronic and substantial pain. *Colwell*, 763 F.3d at 1066.

Plaintiff has also met the second prong of the test. As to Defendant Ravijot, Plaintiff has plausibly alleged he was aware Plaintiff faced a substantial risk of serious harm and that he disregarded that risk by failing to take reasonable measures to abate the risk by refusing Plaintiff medical treatment during the period between January 2021 and October 12, 2022, in light of Plaintiff's numerous complaints and medical grievances, and harm was caused by that indifference. Hence, Plaintiff has plausibly stated a cognizable Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Ravijot.

As to Defendants Kazris and Rodriguez, Plaintiff alleges that they knew that he had a broken elbow. (Doc. 15 at 3-4). Plaintiff further alleges that those Defendants repeatedly refused his requests to go to medical or see a doctor. *Id*. at 3. Plaintiff also claims that Kazris and Rodriguez caused him further harm when they forced him to "cuff up" even though they knew he had a broken elbow. *Id*. Thus, the Court finds that Plaintiff has alleged a plausible Eighth Amendment claim related to his medical care as to these two defendants, also.

## Claim II

Plaintiff asserts his Eighth Amendment rights were violated from certain defendants' use of excessive force. *Id.* at 4. The four identifiable Defendants are Sergeant Kazris, Sergeant Ramirez, Sergeant Geston, and Navarro.

*Factual Allegations*

Plaintiff asserts that, on October 12, 2022, he was escorted to his cell by correctional officers and, during the escort, he "called Ramirez the 'B' word" because Ramirez "retaliated on" him. Plaintiff provides that officers set a security triangle, after which Plaintiff "asked what it was for due [sic] I was not acting [aggressive] and was laughing at my door." Plaintiff states that he

8

noticed his TV and radio were missing and asked where it was. Plaintiff asserts that, as he looked back, he was "yanked aggressively through the tray slot. It was all three officers pulling on chain [likely Ramirez, Geston, and Navarro and not Kazris, as elaborated below]. My elbow cracked and was fractured by it. I was in pain and asked they [sic] let me see medical but refused to let me see." Plaintiff states Kazris "was well aware of what took place and took part by allowing his officers to use a security triangel [sic] when it was not needed." Plaintiff provides that he weighs 120 pounds and it did not take three officers to yank on a chain in such a manner. *Id.* Plaintiff states that this action fractured his elbow. *Id.* at 5.

### *Legal Standards*

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks & citation omitted). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834 (internal quotation marks & citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the

absence of serious injury is not determinative. *Id.*

*Analysis*

Liberally construing the complaint, Plaintiff has plausibly alleged Eighth Amendment excessive force claims against Defendants Ramirez, Geston, and Navarro. This is so because Plaintiff contends Ramirez, Geston, and Navarro used excessive and unnecessary force under the circumstances, where Plaintiff did not present a threat and was laughing and "not acting aggressive," but where Ramirez, Geston, and Navarro caused him harm—pulling him through the cell's tray slot aggressively and fracturing his elbow—for the very purpose of causing harm and not as a part of a good faith effort to maintain security. *Hoard*, 904 F.3d at 788.

Nevertheless, Plaintiff has failed to state a cognizable Eighth Amendment excessive force claim against Defendant Kazris. Plaintiff states only that Kazris "was well aware of what took place" and allowed the events to happen. Plaintiff does not allege Kazris personally participated in or directed the violations by the other Defendants. *Taylor*, 880 F.2d at 1045. Nor does Plaintiff allege the violation occurred due to an official policy or custom by Kazris. *Waggy*, 594 F.3d at 713. Plaintiff has failed to specifically allege any causal link between Kazris and the constitutional violation alleged, and vague and conclusory allegations of supervisory involvement are insufficient. *Fayle*, 607 F.2d at 862; *Ivey*, 673 F.2d at 268.

To conclude, Plaintiff has plausibly alleged Eighth Amendment excessive force claims against Ramirez, Geston, and Navarro. However, Plaintiff has failed to state a cognizable Eighth Amendment excessive force claim against Kazris. As Plaintiff has twice been given leave to amend and has again failed to allege a cognizable Eighth Amendment excessive force claim against Kazris, the undersigned will recommend that the claim be dismissed without leave to amend. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

**V.    ORDER AND RECOMMENDATIONS**

The Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

For the foregoing reasons, the Clerk of the Court is further **DIRECTED** to terminate "Dr.

Francisco Hernandez," "April Bravo," and "Veronica Morales" on the docket for this action as these individuals are not named as defendants in Plaintiff's second amended complaint.

The undersigned **RECOMMENDS** that:

1. This action PROCEED *only* as to the following claims asserted in Plaintiff's second amended complaint (Doc. 15): (1) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Ravijot, Kazris, and Rodriguez; and (2) Eighth Amendment excessive force claims against Defendants Ramirez, Geston, and Navarro.

2. Any remaining claims be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **February 3, 2025**　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

11