UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO TALAVERA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DR. GILL RAVIJOT, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 1:23-cv-00595-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 16) |

Plaintiff Jose Alfredo Talavera is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   BACKGROUND**

Plaintiff filed his initial complaint on April 18, 2023. (Doc. 1). On May 24, 2023, the Court issued a first screening order in which it found some cognizable claims against some Defendants and granted Plaintiff leave to file a first amended complaint. (Doc. 8). Plaintiff filed his first amended complaint on September 5, 2023. (Doc 12). The Court issued its second screening order on January 19, 2024, finding again some cognizable claims and granting Plaintiff leave to file a second amended complaint ("SAC") to the extent he could in good faith cure deficiencies noted in the second screening order. (Doc. 14). Plaintiff filed his second amended complaint ("SAC") on February 12, 2024. (Doc. 15). The undersigned issued findings and recommendations on February 3, 2025, following screening of the second amended complaint.

(Doc. 18).

On June 7, 2024, Plaintiff filed a notice of change of address, providing the Court with an updated address. (Doc. 16). Pending before the Court is Plaintiff's request for appointment of counsel, included in his notice. *See id.*

## II.   DISCUSSION

### a.   *Applicable Legal Standards*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### b.   *Analysis*

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a); *see also* Doc. 3 at 3-4. Plaintiff's second amended complaint has been screened. (Doc. 18). However, screening does not test the merits of the allegations, for the Court is to consider factual allegations to be true for purposes of screening. No determination has yet been made as to the merits of Plaintiff's claims.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. In this case, the Court

2

notes that Plaintiff's filings reflect Plaintiff is logical and articulate. (*See, e.g.,* Docs. 1, 9, 10.) *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential … the need for such discovery does not necessarily qualify the issues involved as 'complex'"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect); *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"). Stated another way, Plaintiff's belief that the claims are complex is not the test. Rather, the type of claim or claims asserted are the subject of the Court's consideration of complexity.

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021)

("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Further, Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel.

*Remainder of This Page Intentionally Left Blank*

4

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons given above, Plaintiff's request for appointment of counsel (Doc. 16) is DENIED.

IT IS SO ORDERED.

Dated:   **February 3, 2025**

UNITED STATES MAGISTRATE JUDGE