UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO TALAVERA,<br><br>Plaintiff,<br><br>v.<br><br>DR. GILL RAVIJOT, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00595-JLT-CDB (PC)<br><br>ORDER ON SPECIALLY APPEARING PARTY'S SECOND *EX PARTE* REQUEST TO EXTEND *NUNC PRO TUNC* TIME TO FILE WAIVER OF SERVICE<br><br>(Doc. 29) |

On April 18, 2023, Plaintiff Jose Alfredo Talavera ("Plaintiff") initiated this action with the filing of a complaint against Defendants Gill, Kairis, Navarro, Ramirez, Geston, and Rodriguez ("Defendants"). (Doc. 1).

**Background**

On February 25, 2025, the undersigned found service of Plaintiff's operative, second amended complaint appropriate and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a "CDCR Notice of E-Service Waiver" within a specified time, after which the CDCR was required to file a waiver of service of process for any defendant who waived service pursuant to Federal Rule of Civil Procedure 4(d)(1). (Doc. 21). The Court issued summonses for all Defendants the same day. (Doc. 22).

On March 5, 2025, the CDCR filed its notice of intent to waive service as to all defendants. (Doc. 23). On April 3, 2025, the CDCR requested an extension of time to file waivers of service for Gill, Ramirez, and Geston (Doc. 24), which was granted by the Court (Doc. 26).

On May 5, 2025, five of the six named defendants (excluding Defendant Gill) filed their

answer.  (Doc. 30).

**Discussion**

Pending before the Court is the CDCR's second request for a further extension of time to file waiver of service of process for Defendant Gill, filed on the deadline to file the waiver.  (Doc. 29).  In the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."  Local Rule 144(d).  Instead, counsel are directed to "seek to obtain a necessary extension from the Court … as soon as the need for an extension becomes apparent."  *Id.*

While the Court finds good cause to grant the CDCR's request here, given counsel for CDCR's proffered basis for the extension – that the CDCR needs additional time to determine whether it will represent Gill in this action – it should have become apparent to the CDCR that they required an extension of time to file a responsive pleading well before their response was due.  The Court disfavors granting relief *nunc pro tunc* and admonishes the CDCR to exercise better care and to adhere to this Court's Local Rules in all future filings.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The request for extension (Doc. 29) is GRANTED *nunc pro tunc* and the CDCR shall have until **May 16, 2025**, to file a waiver of service of process as to Defendant Gill.
2. Defendant Gill shall file his responsive pleading no later than **May 19, 2025**.

IT IS SO ORDERED.

Dated:  **May 5, 2025**

UNITED STATES MAGISTRATE JUDGE

2