UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO TALAVERA,<br><br>Plaintiff,<br><br>v.<br><br>DR. GILL RAVIJOT, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00595-JLT-CDB<br><br>ORDER REQUIRING COUNSEL FOR DEFENDANTS TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY THE COURT'S ORDERS<br><br>(Doc. 31)<br><br>**3-DAY DEADLINE** |

**Background**

Plaintiff Jose Alfredo Talavera ("Plaintiff") initiated this action with the filing of a complaint on April 18, 2023. (Doc. 1). On February 3, 2025, the undersigned issued findings and recommendations to dismiss certain claims following screening of Plaintiff's operative, second complaint. (Doc. 18). The assigned district judge adopted the findings and recommendations on February 24, 2025, dismissing the non-cognizable claims. (Doc. 20). The case proceeds on Plaintiff's (1) Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Ravijot, Kazris, and Rodriguez; and (2) Eighth Amendment excessive force claims against Defendants Ramirez, Geston, and Navarro.

On February 25, 2025, the Court issued its order finding service of the second amended complaint appropriate and directing the California Department of Corrections and Rehabilitation

1

1  ("CDCR") to file a notice of e-service waiver within 40 days and waivers of service of process no
2  later than 30 days after said filing.  *See* (Doc. 21).

3  On March 5, 2025, CDCR filed its notice of e-service waiver, representing that it intended to
4  waive service for all Defendants.  (Doc. 23).  On April 3, 2025, counsel for the Office of the
5  Attorney General (Colin Shaff) filed a request to extend the time within which to file waivers of
6  service of process by 28 days, representing that he had not yet been able to determine whether his
7  office would be representing Defendants Ravijot Gill, Jose Ramirez, and Mark Geston.  (Doc. 24).
8  The Court granted the extension through and including May 2, 2025.  (Doc. 26).  On that date, Mr.
9  Shaff filed service waivers only for Defendants Ramirez and Geston (Doc. 28), and on behalf of
10 the remaining as-yet served Defendant (Gill), a second request for extension of time to file waiver
11 of service of process and responsive pleading.  (Doc. 29).  In its order granting the extension, the
12 Court admonished counsel to exercise better care in complying with Local Rule 144 and seeking
13 extensions of time before the terminal date/deadline sought to be extended.  (Doc. 31 at 2; citing
14 Local Rule 144(d)).

15 In its order granting the requested extension, the Court ordered Mr. Shaff to file waiver of
16 service of process as to Defendant Gill by May 16, 2025, with Defendant Gill's responsive
17 pleading due no later than May 19, 2025.  *See id.*

18 Both deadlines have passed and Mr. Shaff has not filed on behalf of Defendant Gill either the
19 waiver of service or a response to the second amended complaint, nor otherwise explained to the
20 Court the delinquency.

21 **Discussion**

22 The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to
23 "secure the just, speedy, and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To
24 effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court
25 orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ.
26 P. 37(b).  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or
27 attorney fails to obey a scheduling or other pretrial order.

28 The Court also possesses inherent authority to impose sanctions to manage its own affairs so

1  as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S.
2  32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others,
3  including to protect the due and orderly administration of justice and maintain the authority and
4  dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to compel a
5  party to comply with the Court's orders, the Court may issue daily sanctions until compliance is
6  obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's
7  authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what
8  he had refused to do.").

9  Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of
10 counsel or of a party to comply with these Rules or with any order of the Court may be grounds for
11 imposition by the Court of any and all sanctions authorized by statute or Rule or within the
12 inherent power of the Court." Local Rule 110.

13 Here, the Office of the Attorney General has been granted two extensions of time within
14 which to file the waiver of service of process for Defendant Gill.  Mr. Shaff's second request for
15 extension on behalf of Defendant Gill was made on the last day of the extended deadline to file
16 Defendant Gill's waiver of service, resulting in the second extension being granted *nunc pro tunc*.
17 Additionally, the responsive pleading deadline for Defendant Gill has been extended to
18 accommodate Mr. Shaff's representation that his office requires additional time to determine
19 whether it will represent Defendant Gill. *See* (Doc. 29).  Despite these extensions, Mr. Shaff has
20 failed to obey the Court's orders and timely file a waiver of service of process and Defendant
21 Gill's responsive pleading.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

In light of counsel for Defendants' failure to file a waiver of service of process and a responsive pleading for Defendant Gill by the respective deadlines, IT IS HEREBY ORDERED that counsel for Defendants shall show cause in writing within three (3) days of entry of this order why sanctions should not be imposed for failure to obey this Court's orders.

Filing the Defendant Gill's waiver of service and/or response to the second amended complaint will not relieve counsel for Defendants' obligation to respond to this order.

**Failure to comply with this order to show cause will result in the imposition of sanctions**.

IT IS SO ORDERED.

Dated: __May 28, 2025__

UNITED STATES MAGISTRATE JUDGE

4