1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE ALFREDO TALAVERA,                    Case No.: 1:23-cv-00595-JLT-CDB (PC)

12             Plaintiff,                        ORDER DISCHARGING MAY 28, 2025,
                                                 ORDER TO SHOW CAUSE
13         v.
                                                 (Docs. 32, 35)
14    DR. GILL RAVIJOT, *et al.*,
                                                 Clerk of the Court to Provide Service Documents
15             Defendants.                       to the United States Marshals Service

16

17         Plaintiff Jose Alfredo Talavera ("Plaintiff") is a state prisoner proceeding pro se and *in*

18    *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Following screening, this

19    action proceeds as to the following claims asserted in Plaintiff's second amended complaint (Doc.

20    15): (1) Eighth Amendment deliberate indifference to serious medical needs claims against

21    Defendants Ravijot Gill, Matthew Kairis, and Lorena Rodriguez; and (2) Eighth Amendment

22    excessive force claims against Defendants Jose Ramirez, Mark Geston, and Cruz Navarro.  *See*

23    (Doc. 20).

24         On February 25, 2025, the Court entered an order finding service appropriate.  (Doc. 21).

25    The Court issued summonses that same day.  (Doc. 22).  On March 5, 2025, the California

26    Department of Corrections and Rehabilitation ("CDCR") filed a notice of intent to waive service

27    for all Defendants.  (Doc. 23).  On April 3, 2025, the Office of the Attorney General of California

28    ("OAG") filed a request for extension of time to file waivers of service.  (Doc. 24).  On April 7,

1    2025, the Court granted the request.  (Doc. 26).  On the last day of the extended deadline, the OAG

2    filed a second request for extension of time to file waivers of service, representing that it needed

3    more time to determine whether it would be representing Defendant Gill.  (Doc. 29).  The Court

4    granted the motion *nunc pro tunc*, extending both the time within which to file a waiver of service

5    (to May 16, 2025) and a responsive pleading for Defendant Gill (to May 19, 2025).  (Doc. 31).

6           After both the extended deadlines for filing of the waiver of service and the responsive

7    pleading for Defendant Gill passed without either document being filed, on May 28, 2025, the Court

8    ordered counsel for Defendants to show cause why sanctions should not be imposed for failure to

9    obey the Court's orders.  (Doc. 32).

10          On May 29, 2025, the OAG filed an updated notice of intent to waive service, representing

11   intent to waive service for all Defendants except for Defendant Gill.  (Docs. 33, 34).  On May 30,

12   2025, the OAG filed a response to the show cause order.  (Doc. 35).  Counsel for the OAG Colin

13   A. Shaff represents that, although he received a request for representation from Defendant Gill, he

14   determined that Defendant Gill is the sole plaintiff in an employment action in state court in which

15   the CDCR is a defendant.  Mr. Shaff represents that Defendant Gill's active litigation against the

16   CDCR constitutes a waivable conflict with informed written consent.  *Id.* at 5 ¶¶ 3-5.

17          Mr. Shaff further represents that he contacted Defendant Gill's counsel numerous times in

18   April and May 2025 by email and telephone, advising counsel of the waiver of service deadline in

19   this action and providing a letter describing the nature of his proposed representation and requesting

20   it be conveyed to Defendant Gill.  *Id.* at 5-6 ¶¶ 6-7.  Mr. Shaff attests that he did not receive an

21   answer from either Defendant Gill or his counsel regarding the proposed request for representation.

22   Mr. Shaff states that, pursuant to California Rule of Professional Responsibility 4.2, he was unable

23   to directly contact Defendant Gill.  *Id.* at 6 ¶¶ 8-10.  He represents that, as there is a conflict of

24   interest between the CDCR and Defendant Gill, and because Defendant Gill has not provided

25   informed written consent to representation in this matter, he cannot represent Defendant Gill.  *Id.*

26   ¶¶ 11-12.  Counsel states that he did not feel he was able to withdraw from representation as he did

27   not represent Defendant Gill nor did he make a general appearance on his behalf and, as he was not

28   informed whether Defendant Gill will obtain counsel, he was unable to advise the Court regarding

1  possible appearance of separate counsel. *Id.* ¶ 12.

2  The Court has considered the representations by counsel in responding to the Court's order

3  to show cause (Docs. 32, 35). Although counsel offers no explanation for why he allowed the May

4  16 and May 19 filing deadlines to pass without making any filings (such as a request for additional

5  time or a report about his inability to timely file a service waiver), the Court concludes that

6  counsel's conduct cited in the show cause order is the result of excusable neglect. *See In re Veritas*

7  *Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

8  Accordingly, the Court will discharge the order to show cause and direct the Clerk of the

9  Court to provide service documents to the United States Marshals Service for service upon

10  Defendant Gill.

11  **Conclusion and Order**

12  Accordingly, IT IS HEREBY ORDERED that:

13  1.  The May 28, 2025, show cause order (Doc. 32) is DISCHARGED; and

14  2.  The Clerk of the Court is DIRECTED to provide the United States Marshal with a copy

15  of the second amended complaint (Doc. 15), the findings and recommendations (Doc.

16  18) and order adopting (Doc. 20), the Court's order finding service appropriate (Doc.

17  21), and the summons (Doc. 22) for service upon Defendant Ravijot Gill pursuant to the

18  provisions set forth in the order finding service appropriate.

19  IT IS SO ORDERED.

20  Dated:   **June 2, 2025**   _____

21  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28